962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Virgil SAWYERS and Rita Sawyers, Plaintiffs/Appellants,
v.
TODCO A DIVISION OF OVERHEAD DOOR CORPORATION AND OVERHEAD
DOOR CORPORATION, Defendants/Appellees.
 No. 91-1096.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided April 30, 1992.
 
 Before BAUER, Chief Judge, and COFFEY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In this diversity suit, 28 U.S.C. § 1332, plaintiffs Virgil and Rita Sawyers seek damages pursuant to the Indiana Product Liability Act.Ind.Code. 33-1-1.5-1 et seq.[1] Virgil Sawyers, a truck driver employed by Campbell Sixty-Six Express, Inc. ("Campbell"), injured himself while operating a truck dolly at a Campbell terminal in Terre Haute, Indiana. Shortly thereafter, Sawyers and his wife filed suit against defendant Overhead Door Corporation[2] and its TODCO division alleging that the defendants had designed and manufactured the truck dolly whose defective and dangerous nature proximately caused Sawyers' injury. The defendants filed a motion for summary judgment contending that they did not manufacture, design, or sell the dolly which allegedly caused Sawyers' injury. The district court granted summary judgment in favor of the defendants, which the plaintiffs now appeal. We affirm.
 
 
 2
 This court reviews de novo the district court's decision to grant summary judgment. United States v. First National Bank of Cicero, No. 90-2404, slip op. at 7 (7th Cir. Feb. 27, 1992). Summary judgment is proper if there is no evidence to establish an essential element of the non-movant's case. Celotex v. Catrett, 477 U.S. 317, 323 (1986). In determining whether a material dispute of fact exists, we review the record and all reasonable inferences in the light most favorable to the non-movant. First National Bank of Cicero, No. 90-2404, slip op. at 8. Of course " 'when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on the pleadings, but must affirmatively demonstrate, by specific factual allegations that there is a genuine issue of material fact for trial.' " Id. (citation omitted).
 
 
 3
 After examining the pleadings, affidavits, and other exhibits, we conclude that the district court properly granted summary judgment in the defendants' favor. It is undisputed that in order to recover against the defendants the plaintiffs must prove by a preponderance of the evidence that Overhead Door or Todco manufactured the dolly that allegedly caused Sawyers' injury. Ind.Code. 33-1-1.5-3. See generally W. Page Keeton Et Al., Prosser and Keeton on the Law of Torts, § 39, at 251-53 (5th ed. 1984). The dolly in question is not available for inspection and the only evidence the plaintiffs offer in support of their contention that the defendants manufactured the allegedly defective dolly was Sawyers' deposition testimony that he saw the name TODCO printed in large black letters on both sides of its tongue.
 
 
 4
 Despite Sawyers' recollection that he saw the name TODCO printed on the dolly, his description of the dolly to which he attributes his injury is inconsistent with the type of dollies manufactured by the defendants. Sawyers testified that the dolly which injured him had a solid 8 inch rigid leg attached perpendicular to its tongue and no brake release valve. In constrast, defendants offered the affidavit of Todco's plant manager, Ray Mabrey, who stated that all dollies manufactured by the defendants have both a folding, storable drop leg attached to the dolly's tongue which is between 29 and 31 inches long and a break release valve. The plaintiffs offer no evidence to contradict Mabrey's affidavit.
 
 
 5
 Nor do they offer any evidence to contradict the affidavit of Campbell's president, William Pitt, in which Pitt avows that Campbell's records show that the dolly which injured Sawyers was not manufactured by the defendants.[3] After his accident, Sawyers checked Campbell's sign-in sheets and determined that the dolly which injured him bore Campbell identification number 30129. Sawyers gave this number to Pitt, who then checked Campbell's records and purchasing reports, which revealed that dolly 30129 was manufactured by a Springfield, Missouri company. When contrasted with defendants uncontraverted affidavits, Sawyers' deposition testimony that the dolly said TODCO on the tongue does not raise a factual dispute regarding whether the defendants manufactured the allegedly defective dolly. Thus, the district court's grant of summary judgment in the defendants' favor is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Since neither party raises a question as to what state's law is applicable, we apply the substantive law of Indiana, the forum state. Ross v. Creighton, No. 90-2509, slip op. at 5 (7th Cir. March 2, 1992)
 
 
 [2]
 During the pendency of this action Overhead Door temporarily changed its name to Dallas Corporation
 
 
 [3]
 Appellate review of the plaintiffs' argument that Pitt's affidavit lacks sufficient foundation is waived by their failure to first raise this argument in the district court. United States v. Pryor, No. 90-2405, slip op. at 6 (7th Cir. March 12, 1992)